LOTTINGER, Judge.
This is a tort action instituted against the Baton Rouge Bus Company and T. C. Creel, one of the company’s bus drivers, for personal injuries resulting from a collision between one of the company’s buses and a truck owned by Sabella Brothers Trucking Company. The-plaintiff alleges that on September 17, 1949, he was a paying passenger on Bus No. 66, operated by the defendant Creel and that due to the latter’s negligence the bus was.driven head on into the Ford truck of Sabella Brothers. *281 The accident occurred about 2:25 P.M. in the City of Baton Rouge at a point opposite City Park, on Perkins Road. This road runs generally north and south and just previous to the accident the bus was proceeding south and the truck north. Negligence is charged against the operator of the bus in failing to keep a proper lookout, running head on into the truck, failing to see what he should have seen, failing to maintain proper control and failing to apply the brakes of the bus. The plaintiff claims that his injuries totally and permanently disabled him and asks for damages in the sum of $10,308.50.
The Baton Rouge Bus Company first filed an exception of vagueness which was referred to the merits and then both defendants filed separate answers in which they admit the occurrence of the accident and that plaintiff was a passenger on Bus No. 66 at the time, but deny all allegations of negligence. They allege that the bus was proceeding at a slow rate of speed immediately prior to the accident on its side of the road, and that the sole and proximate cause of the accident was the negligent operation of the Sabella Brothers truck driven by their driver, one Mose Taylor. The truck, they aver suddenly and unexpectedly swerved from its side of the road to its left and ran head on into the bus. The defendants’ answers further set out that the plaintiff had already entered into a compromise settlement with Sabella Brothers’ insurer and allege in the alternative that if Creel, the driver, was negligent that he was a joint tort feasor and that plaintiff’s settlement was in full compensation. Further in the alternative they allege that if found liable, they are entitled to a credit of the amount previously paid plaintiff by Sabella Brothers’ insurer.
Immediately upon the completion of the testimony in the court below, the trial judge dictated oral reasons for judgment in favor of the defendants, rejecting the plaintiff’s demands and from which he now prosecutes this appeal.
The main question presented for determination is one of fact, i. e., the negligence, if any, of the defendant Creel. .Other than two children, who were passengers on the bus, the only eye-witnesses who testified in the trial of the case were Mose Taylor, the driver of the Sabella Brothers truck and Creel, the driver of the bus. It may be stated in the out-set that the transcript of evidence reveals no great difference of opinion among any of the witnesses who testified as to where and how the accident occurred. The plaintiff himself stated that he occupied the last seat in the bus in the colored section and was counting his money when the accident occurred, and thus saw nothing of the accident. He was knocked unconscious and did not see the positions of the respective vehicles subsequent to the collision.
The testimony of defendant Creel is largely negative due to the fact that he remembers very little as to the occurrence of the accident. He did state, however, that he remembered seeing the truck approaching him head on at an estimated distance of from 30 to 35 feet, and that his last recollection was of grabbing the steering wheel and applying the brakes. He, also, was knocked unconscious and the only other recollection that he had relative to the entire trip was that one of his fellow 'bus drivers who was to relieve him had handed to him his change box at Walgreen’s Drugstore on the corner of Convention and Third Streets quite some time earlier. Counsel for the plaintiff contended that this lack of knowledge is damaging to the defense in that it shows that Creel did not know his speed nor his position on the road. The testimony reveals that Creel’s unconsciousness would account for his loss of memory. This man, according to Dr. Louis Mayer, who also testified as to the plaintiff’s injuries, was severely injured and did not become rational until five or six days after the accident. His loss of memory, in the doctor’s opinion, was caused by cerebral concussion and is a normal result in such cases. This witness also testified that the recollections of Creel insofar as seeing the truck just previous to the accident and in remembering taking the change box at Walgreen’s were not inconsistent with his loss of memory.
*282 The principal witness who testified on behalf of the plaintiff was Mose Taylor, the driver of the truck. An examination of his testimony reveals that it falls far short of showing negligence on the part of Creel. His version of the accident is as follows:
“Q. Now, just what, if anything, happened just before this accident took place? A. Well, before it took place a little kid was on her bicycle and I ducked over to miss her, I swung over to the left to miss her and when I swung back I hit the right hand curb and I was getting off of the curb back in the road and me and the bus had it.”
Joan Patton, 12 years of age and Linda Gould, a child in the seventh grade, were both in the bus and saw the truck just prior to the collision. Joan stated that the bus was not going very fast and that when she saw the truck it was not more than a bus length away and that she did not have time to brace herself before the collision. The testimony of Linda was to the same effect in that she saw the truck through the windshield of the bus, coming at an angle. She also stated that the truck was on the bus side of the road also, but did not know what distance it was when she first observed it.
The testimony of Captain A. S. Longo of the Baton Rouge City Police substantiates the pictures that were taken by him immediately after the accident and offered in evidence as exhibits P-1 through P-8. These pictures show the position of the vehicles immediately after the accident and show that the bus was well to its right of the street, as was the truck. This testimony is corroborated by that of Sergeant Louis Altazin, another Baton Rouge Police Officer who arrived upon the scene of the accident several minutes after it had occurred. His report showed that the right rear wheel of the bus was three feet past the west curb of Perkins Road, and he was of the opinion that the physical evidence indicates that the impact had pushed the bus this distance. He further stated that the total width of Perkins Road at the place of collision was 20 feet 2 inches from curb to curb.
The record fails to contain any evidence or testimony whatsoever which would indicate negligence on the part of Creel and we think it affirmatively shows a total lack of negligence on his part. It might be well to point out in this connection that the testimony of two of the bus company’s mechanics showed that the bus was found to be in second gear after the accident and that due to the fact that it was equipped with a governor could not have exceeded a speed of from 18 to 20 miles an hour in that gear.
We are not unaware of the high degree of care required of operators of public carriers and have carefully examined the authorities relied upon by the plaintiff. The record in this case, however, utterly fails to show any violation by Creel of the precaution and high degree of care required of him by law, and for that reason we think that the finding of the trial judge was correct.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed, at appellant’s cost.
Judgment affirmed.